UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REDWOOD FIRE AND CASUALTY
INSURANCE COMPANY,

      Plaintiff,

vs.

Case No.: 8:26-cv-950

TREES "R" US, INC. and MICHAEL
RAY O'DELL

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, REDWOOD FIRE AND CASUALTY INSURANCE COMPANY ("REDWOOD"), hereby files this Complaint for Declaratory Judgment against the Defendants, TREES "R" US, INC. ("TREES") and MICHAEL RAY O'DELL ("O'DELL"), and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a declaratory judgment action brought pursuant to Chapter 86, Florida Statutes, for the purpose of determining an actual controversy between the parties with respect to an insurance policy issued by the Plaintiff, REDWOOD, to Defendant, TREES.

2.    REDWOOD seeks a judgment declaring that it has no duty to defend or indemnify TREES with respect to the Underlying Lawsuit, as described more fully below.

## PARTIES, JURISDICTION & VENUE

3.    REDWOOD is, and was at all times material hereto, a foreign corporation incorporated in the State of Nebraska with its principal place of business in the State of Nebraska.

4.    REDWOOD is authorized to issue workers compensation and employers liability insurance policies in Illinois.

5.    TREES is an Illinois Corporation, with its principal place of business located in Illinois.

6.    At all times material, TREES conducted business in Sarasota County, Florida.

7.    O'DELL is at all times a resident and citizen of Cabell County, West Virginia.

8.    Complete diversity of citizenship exists in this matter.

9.    O'DELL alleges that, on or about January 14, 2023, during the course of performing storm-related tree removal work under the direction and control of TREES, he suffered catastrophic injuries when he was subjected to a crushing and/or fall-related incident involving tree and/or equipment failure.

10.     O'DELL specifically allegedly suffered fractures at L-2 and L-3 of his lumbar spine, an abdominal incisional hernia, peritonitis, blunt abdominal trauma, superior mesenteric artery injury and small bowel mesenteric injury, in addition to other alleged injuries and damage.

11.     The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

12.     Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

13.     Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, the underlying accident occurred in Sarasota County, Florida, and the Underlying Lawsuit for which REDWOOD seeks a judicial declaration of no coverage is pending in Sarasota County, Florida.

## THE REDWOOD POLICY

14.     REDWOOD issued a Workers Compensation and Employers Liability Policy, policy number TRWC327882 (hereinafter referred to as "the Policy"), to TREES, for the policy period November 15, 2022, to November 15, 2023.  A true and correct copy of the Policy is attached as **Exhibit 1.**

15.     The Policy provides coverage to TREES in three parts: (1) Part One- Workers Compensation Insurance; (2) Part Two- Employers Liability Insurance; and (3) Part Three- Other States Insurance. *Id*.

16.    Part Two- The Employers Liability coverage part provides the following insuring agreement:

**A. How This Insurance Applies**

This employer's liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3. Bodily injury by accident must occur during the policy period.

    ***

**B. We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
2. For care and loss of services; and
3. For consequential bodily injury to a party to a civil union, spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and
4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

The Employers Liability coverage part provides the following provision regarding limits of liability:

17.    The Employers Liability coverage part contains the following exclusions:

**C. Exclusions**

This insurance does not cover:

\*\*\*

4.  Any obligation imposed by a worker's compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

\*\*\*

18.    Part Three- The Other States Insurance coverage part provides the following:

**A. How This Insurance Applies**

1.  The other states' insurance applies only if one or more states are shown in Item 3.C of the Information Page.
2.  If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A of the Information Page.

\*\*\*

4.  If you have work on the effective date of this policy in any state not listed in Item 3.A of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

Item 3.C of the Information page states Part Three of the policy applies to "All States Except: ND, OH, WA, WY."

## GENERAL ALLEGATIONS

19.    Prior to the Policy's inception, TREES hired Slone & Son's Tree Service, LLC ("Slone & Son's") to perform tree removal and vegetation

management work in Florida due to damage caused by Hurricane Ian in September 2022.

20. TREES did not notify REDWOOD prior to the Policy's inception on November 15, 2022, that TREES performed work in Florida.

21. TREES did not notify REDWOOD within thirty (30) days of the Policy's inception that TREES performed work in Florida.

22. At all times material, O'DELL was an employee of Slone & Son's. *See* Ohio Industrial Commission Records of Proceeding attached hereto as Composite **Exhibit 2.**

23. At all times material, Slone & Son's provided O'DELL with all equipment for the subject tree removal and vegetation management work. *Id.*

24. At all times material, Slone & Son's provided O'DELL with transportation to the job in a Slone & Son's company vehicle. *Id.*

25. At all times material, Slone & Son's supervised all of O'DELL's work activities at the job site. *Id.*

26. At all times material, O'DELL wore a shirt with the name "Slone & Son's" on it. *Id.*

27. At all times material, Slone & Son's exercised control over the manner and means of O'DELL's work. *Id.*

28.    On or about January 14, 2023, O'DELL was allegedly injured when working on a storm-related tree removal and vegetation management job in Sarasota County, Florida.

29.    As a result of the subject accident, O'DELL made a claim for Ohio workers' compensation benefits.

30.    The Ohio Industrial Commission determined O'DELL was an employee of Slone & Son's, an Ohio employer, and that O'DELL was entitled to Ohio workers' compensation benefits from Slone & Son's. *Id.*

31.    The Ohio Industrial Commission further determined TREES was not O'DELL's employer. *Id.*

32.    REDWOOD denied O'DELL's claim for workers' compensation benefits under the Policy as O'DELL was not an employee of TREES.

33.    As a result of the subject accident, O'DELL made a claim for personal injuries against TREES.

34.    On November 12, 2025, O'DELL, filed a Complaint in Sarasota County, Florida, Case No. 2025 CA 005947 NC, against TREES ("Underlying Lawsuit").

35.    On March 10, 2026, O'DELL filed an Amended Complaint in the Underlying Lawsuit. A copy of the Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 3.**

36. An actual controversy exists between REDWOOD, TREES and O'DELL, regarding their respective rights and obligations under the Policy with regard to the claims asserted by O'DELL arising from the January 14, 2023, accident.

37. TREES is a proper party to this action, as its rights will be impacted by the Court's declaration in this matter. Hence, it has been named in this action, so it will be bound by the Court's ultimate decree.

38. O'DELL is a proper party to this action, as his rights will be impacted by the Court's declaration in this matter. Hence, he has been named in this action, so he will be bound by the Court's ultimate decree.

39. For the reasons expressed below, pursuant to the terms, conditions, endorsements and exclusions of the Policy, there is a dispute as to whether or not REDWOOD has a duty to defend and indemnify TREES with respect to the claims asserted by O'DELL in the Underlying Lawsuit.

40. At all times material, O'DELL was an employee of Slone & Sons.

41. At all times material, O'DELL was not an employee of TREES.

42. O'DELL's bodily injury claims do not arise out of his employment with TREES.

43. O'DELL's bodily injury claims did not occur in the course and scope of his employment with TREES.

44.    O'DELL's claims against TREES are claims for bodily injury arising out of and in the course of O'DELL performing his duties related to the conduct of Slone & Son's business.

45.    All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## COUNT I.  DECLARATORY JUDGMENT AS TO THE REDWOOD POLICY

46.    REDWOOD re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above.

47.    An actual, present and existing controversy has arisen between the parties as to REDWOOD's obligations under the Policy, with respect to the claims being asserted by O'DELL against TREES in the Underlying Lawsuit.

48.    REDWOOD seeks a judicial declaration of no duty to defend TREES, and thus no duty to indemnify TREES, on the grounds that the allegations and claims in the Underlying Lawsuit are not covered by the above-referenced Policy provisions as O'DELL was not an employee of TREES.

49.    REDWOOD further seeks a judicial declaration of no duty to defend TREES, and thus no duty to indemnify TREES, on the grounds that the allegations and claims in the Underlying Lawsuit are not covered by the above-referenced Policy provisions as TREES failed to timely notify REDWOOD that TREES had commenced work in Florida.

50.     There is a *bona fide*, actual, present need for the declaration of REDWOOD's rights and obligations under the Policy, if any.

51.     This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

52.     REDWOOD has no adequate remedy at law.

WHEREFORE, for the reasons stated above, REDWOOD requests that this Court enter a Declaratory Judgment declaring the rights, status, obligations, and duties of the parties under REDWOOD's Policy, including, but not limited to, the following:

a.     The Policy issued by REDWOOD does not provide coverage for TREES for claims made by O'DELL;

b.     REDWOOD does not have a duty to defend TREES in the Underlying Lawsuit under the Policy;

c.     REDWOOD does not have a duty to indemnify TREES under the Policy for the claims made by O'DELL;

d.     Make any other declarations as to coverage that is necessary based upon the terms and conditions of the Policy;

e.     Grant REDWOOD the costs of this action and other relief as this Court deems equitable, just, and proper.

## COUNT II.  DECLARATORY JUDGMENT AS TO WORKERS' COMPENSATION EXCLUSION

53.    REDWOOD re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above.

54.    An actual, present and existing controversy has arisen between the parties as to REDWOOD's obligations, with respect to the claims being asserted by O'DELL against TREES in the Underlying Lawsuit.

55.    REDWOOD alternatively seeks a judicial declaration of no duty to defend TREES, and thus no duty to indemnify TREES, on the grounds that the claims in the Underlying Lawsuit are an obligation for which TREES or its insurer may be held liable under any workers' compensation law or any similar law.

56.    There is a *bona fide*, actual, present need for the declaration of REDWOOD's rights and obligations under the Policy, if any.

57.    This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

58.    REDWOOD has no adequate remedy at law.

WHEREFORE, for the reasons stated above, REDWOOD requests that this Court enter a Declaratory Judgment declaring the rights, status, obligations and duties of the parties under REDWOOD's Policy, including, but not limited to, the following:

a.    The Policy issued by REDWOOD does not provide coverage for TREES for claims made by O'DELL;

b.    REDWOOD does not have a duty to defend TREES in the Underlying Lawsuit under the Policy;

c.    REDWOOD does not have a duty to indemnify TREES under the Policy for the claims made by O'DELL;

d.    Make any other declarations as to coverage that is necessary based upon the terms and conditions of the Policy;

e.    Grant REDWOOD the costs of this action and other relief as this Court deems equitable, just, and proper.

Dated: April 2, 2026.

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

*/s/ Jesse D. Drawas*
Jesse D. Drawas, Esq.
Fla. Bar No. 68654
jdrawas@kaufmandoolowich.com
100 SE Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Tel: (954) 302-2244
Fax: (888) 464-7982
*Attorney for Redwood Fire and Casualty Insurance Company*